## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON PHYSIOMESH<br>FLEXIBLE COMPOSITE<br>HERNIA MESH PRODUCTS<br>LIABILITY LITIGATION | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | MDL DOCKET NO. 2782<br>ALL CASES<br><br><br>CIVIL ACTION NO.<br>1:17-MD-02782-RWS |

## PRACTICE AND PROCEDURE ORDER NO. 5

## DEPOSITION PROTOCOL

I.   **APPLICABILITY; STIPULATIONS**

A. **Applicability**

This Order applies to all depositions in MDL 2782, except for expert

witness depositions, which will be addressed by a separate Order.

B. **Stipulations**

The parties (and when appropriate, a nonparty witness) may by

agreement alter, amend, or modify any practice relating to noticing or

conducting of a deposition, including, but not limited to the provisions

in this Order.

1

## II.   WITNESS IDENTIFICATION, SCHEDULING and TIMING

### A. Good-Faith Cooperation

Counsel shall endeavor in good faith to agree upon the depositions to be taken and the scheduling of those depositions, taking into account (a) the need to preserve relevant testimony; (b) the overall discovery schedule established by the Court; (c) principles of proportionality, as set forth in FRCP 26; and (d) the logistics of document productions necessary for the depositions.   Counsel shall cooperate in good faith to avoid unnecessary conflicts or imposing unreasonable travel demands or timing difficulties.

### B. Identification of Company Fact and 30(b)(6) Depositions

1. On or before March 1, 2018, plaintiffs shall provide a list of company witnesses (including both current and former employees) whom they seek to depose, along with 30(b)(6) topics for which they intend to seek testimony.  The list shall be without prejudice to plaintiffs' right to identify additional company witnesses and topics.

2. Within 14 days of receipt of plaintiffs' list of witnesses (the "List"), defendants shall indicate to plaintiffs which of the

witnesses on the List have contributed documents to the document production in this matter ("custodians") and the date of last collection for each custodian on the List.

3. The parties shall meet and confer in a good faith effort to address the following issues:

   a. objections, if any;

   b. whether the document collection for any of the custodians on the List warrants supplementation in advance of a deposition;

   c. whether plaintiffs will be seeking documents other than a custodial file with respect to a particular witness, and the timing of such requests in relation to production;

   d. the timing and order of the depositions; and

   e. the method and recipient of service for each of the former company employees.

4. To the extent the parties do not come to agreement on one or more of the issues set forth in paragraphs II.B.3.a-e above, the issue(s) shall be presented to the Court for resolution.

5. The parties acknowledge that it will take approximately 45 days to produce or supplement a custodial file to the date of production (depending on the number of custodians and volume of responsive materials) and that additional time may be required to the extent that plaintiffs seek documents beyond custodial files for a witness or in connection with a 30(b)(6) deposition.  If the parties cannot agree on the time for production, the parties will bring the issue to the court for resolution.

6. Requests for additional company witnesses or 30(b)(6) depositions shall be handled consistent with the principles set forth in this Section (Section II).

## III.   NOTICES; SUBPOENAS

### A. Notices

1. All depositions will be noticed and conducted pursuant to Federal Rules of Civil Procedure 30 or 45 and the terms of this Order.

2. All notices of deposition or subpoenas shall be served at least 30 days before the scheduled deposition, to the extent practicable.

3. To the extent documents are sought from defendants in a notice or subpoena that have not already been discussed and agreed-upon by

the parties in connection with the protocol in Section II above, such requests shall be made at least 45 days in advance of the date by which plaintiffs seek the production of documents to allow for collection and production and/or resolution of objections, if any. Defendants will provide their written responses and objections to such document requests within 7 days.

4. Ethicon will produce documents agreed upon for production (or ordered by the Court if no agreement is reached) no later than 10 days in advance of a deposition.  To the extent that defendants determine that they will be unable to produce documents 10 days in advance, defendants shall promptly advise plaintiffs.

5. Lead Counsel shall be responsible for accepting service of notices of deposition and subpoenas and for distributing the same to affiliated counsel.

**B. Third-Party Subpoenas**

1. Third-party witnesses subpoenaed to produce documents shall be served with the Rule 45 subpoena *duces tecum* at least 45 days before a scheduled deposition.

2. The parties recognize that documents that may be responsive to third-party subpoenas which may contain confidential and/or proprietary information that is subject to a Stipulated Protective Order entered in this matter.

3. Upon receipt of documents responsive to any third-party subpoena, counsel for Plaintiffs shall transmit one copy of the received documents to counsel for Defendants as soon as practicable. Defendants shall have 30 days from the receipt of the documents to make their confidentiality designations.  Once the confidentiality designations are completed, counsel for Defendants shall transmit to counsel for Plaintiffs a set of the documents with unique bates numbers (but also including the original bates numbers, if any) and the appropriate confidentiality designations in conformance with the provisions set forth in a Stipulated Protective Order.  Those documents specifically designated as confidential by Defendants shall be protected under the provisions of the Stipulated Protective Order.

4. Any documents received in response to any third-party subpoenas shall be immediately treated as confidential under the Stipulated

Protective Order and remain so for a period of 30 days from Defendants' receipt of the documents. During that time period, the documents may be used in depositions, but shall not be disseminated beyond counsel for Plaintiffs in this litigation, and their expert witnesses as necessary.

5. After Defendants have made their confidentiality designations, the original documents received by counsel for Plaintiffs (without the confidentiality designations) shall be maintained by lead counsel for Plaintiffs. To the extent that these documents have been loaded into any database or review platform without the confidentiality designations, those designations shall be added to these documents. These original documents shall be destroyed or returned at the conclusion of this litigation.

6. Nothing in this Agreed Order is a waiver of any right of Plaintiffs to challenge any confidentiality designation under the provisions of the Stipulated Protective Order.

7. Furthermore, nothing in this Order is intended to conflict with any other agreement concerning third party subpoenas, except that the

requirements of this order will be the minimum requirements for the protection of confidential information.

## IV.   DEPOSITION PROCEDURES AND LIMITATIONS

### A. General

1. No more than two depositions of current or former employees of the defendants may be scheduled by any party on the same day absent agreement by the parties or order of the Court.

2. When any person is identified as a Rule 30(b)(6) witness, the parties shall meet and confer as to whether and when the individual should be deposed in his or her individual capacity, if the person's individual deposition has not already been taken.

### B. Number of Depositions and 30(b)(6) Topics

1. No witness shall be required to give more than one non-30(b)(6) deposition, except by Order of the Court, for good cause shown.

2. For all depositions of defendants' current employees residing in the United States that are agreed to or ordered by the Court, such witnesses will be made available for deposition without requiring a subpoena.

3. Unless otherwise agreed, depositions shall take place only on business days (Mondays through Fridays, excluding legal holidays).

4. Defendants' request for presumptive limitations on the number of depositions of company and former employees, as well as 30(b)(6) topics, will be addressed by separate order of the Court.

## C. Sequence of Examination Of Current and Former Company Employees

1. Depositions are limited to seven hours, except as provided below.

2. To the extent a party seeks to take a deposition lasting in excess of seven hours, the parties shall meet and confer to consider the time required for the deposition.  If the parties are unable to agree, the issue will be presented to the Court.

3. If the questioning party believes that a deposition will approach 7 hours, the deposition may be recessed for the day after 5 hours. The deposition will resume the next day to finish the remaining two hours of initial examination, to be followed, if desired, by examination by the opposing party of up to two hours, reexam by the original examining party of up to one hour, and reexam by the opposing party of up to thirty minutes.

4. Irrespective of the foregoing, at any time after 6:00 p.m. local time, the deponent or any party can recess the deposition until the following day.

5. During any overnight recess, defending counsel shall not speak with the witness about examination that is expected or questions that may be asked on follow up examination.

## D. Treating Physicians

1. The parties agree that each side will have a reasonable opportunity to question individual treating physicians whose testimony is reasonably necessary under the circumstances of this case.

2. If the parties agree to a treating physician's request to limit the time for a deposition, the parties will work together to ensure that each side receives adequate time.

3. It will be presumed that plaintiffs shall be responsible for coordinating scheduling of treating physician depositions. However, if plaintiffs are unwilling or unable to schedule a deposition with any specific physician, they shall notify defendants and defendants may contact the treating physician's scheduling assistant to schedule the deposition.

4. Any additional provisions with respect to treating physician depositions will be established by further order of the Court.

## E. Use of Interpreter

1. All deposition questions will take place in English.  If any witness requires an interpreter, the party defending the deposition shall notify the party noticing the deposition at least 30 days before the deposition that an interpreter will be required.

2. Such depositions with an interpreter shall proceed in the same manner as all other depositions, except as follows:

   a. A qualified interpreter (whom the parties will meet and confer to select) will translate all questions from English to the deponent's language, and will translate all of the deponent's answers back to English;

   b. The court reporter will be instructed to transcribe only the question (in English) and the interpreted answer (in English);

   c. All depositions using an interpreter will be recorded in the native language and in English by audio and video recording;

d. All objections to the interpretation of any question or answer must be made within 60 days of receipt of the final transcript, or will be deemed waived;

e. At no point during the deposition will any examiner converse with the deponent in any language other than English;

3. If a witness testifies through an interpreter, the time limits for such deposition shall be increased as necessary.

**F. Use of Documents Marked Confidential or Highly Confidential in Depositions**

1. If the deponent is to produce or be asked about any documents that have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the Protective Order entered in this action (the "Protective Order"), and the deponent is a person who must sign the Protective Order before reviewing CONFIDENTIAL or HIGHLY CONFIDENTIAL documents, a copy of the Protective Order shall be provided to the deponent before the deposition commences.  To the extent the court permits disclosure of Defendants' documents to treating physicians, treating physicians shall not be required to sign the Protective Order.

However, Plaintiffs' counsel and the treating physicians shall comply with the provisions of paragraph 3 of the Protective Order in the advance of such disclosure.

2. Counsel shall comply with all provisions of the Protective Order when examining a deponent about information or documents that have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.

## V.   COSTS AND LOCATION

### A. Cost of Depositions

1. The noticing party shall bear the initial expense of both videotaping and stenographic recording.  The parties shall pay for their own copies of transcripts and videotapes of depositions.

2. For depositions of physicians, the party noticing the deposition shall be responsible for payment.

3. For depositions requiring a translator, the party noticing the deposition shall be responsible for payment.

### B. Location of Depositions

1. The parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the deponent, or at such other location as agreed to by counsel and the deponent.

2. The presumptive location for depositions of current employees of defendants who are not residents of the United States will be in Amsterdam, the Netherlands.

## VI.   ATTENDANCE; OBJECTIONS; DISPUTES

### A. Attendance

1. The plaintiffs are encouraged to limit the number of attorneys present at any deposition. Defendants may have a client representative present.

2. Plaintiff's Leadership Counsel shall designate who will be permitted to question the witness at a deposition.

3. Counsel for a party or nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive HIGHLY CONFIDENTIAL Documents or Information pursuant to the Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony

during which HIGHLY CONFIDENTIAL Documents or Information are being used or discussed.

**B. Objections**

1. All objections, except to the form of the question and the responsiveness of the answer, are reserved to the time of the trial and are not waived, including objections to the foundation.

2. An objection by one party reserves the objection for all parties.

**C. Disputes**

1. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule, require rescheduling of the deposition, or possibly result in the need to conduct a supplemental deposition, shall be presented via telephone call to the Chambers of Judge Story. The presentation of the issue and the Court's ruling will be recorded as part of the deposition.

2. In the event Judge Story is not available, all efforts will be made to continue the deposition with full reservation of rights of the examination for a ruling at the earliest possible time.

## VII.   USE OF DEPOSITIONS

### A. Cross-Notices

Depositions originally noticed in this MDL may be cross-noticed in appropriate state court cases.  In such an event, the parties shall meet and confer concerning coordination of the examination by state court counsel.

### B. Use in Other Proceedings

Depositions may, under the conditions prescribed in Rule 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation):  (a) who was present or represented at the deposition; (b) who had reasonable notice thereof; or (c) who, within 30 days after the completion of the deposition (or, if later, within 60 days after becoming a party in this court in any action that is a part of this litigation), fails to show just cause why such deposition should not be usable against such party.

**SO ORDERED**, this _27th_ day of _Nov._, 2017.

HON. RICHARD W. STORY
United States District Judge