IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON PHYSIOMESH FLEXIBLE COMPOSITE HERNIA MESH PRODUCTS LIABILITY LITIGATION, | : : : : : | MDL DOCKET NO. 2782 |
| This document relates to: All Cases | : : : : : : : : | CIVIL ACTION NO. 1:17-MD-02782-RWS |

### ORDER REGARDING COMMUNICATIONS WITH PLAINTIFFS' TREATING PHYSICIANS AND LIMITS ON CORPORATE GENERAL LIABILITY WITNESSES

This case comes before the Court for consideration of Plaintiffs' Motion to Preclude Defendants' *Ex Parte* Communications with Plaintiffs' Treating Physicians for Purposes of Retaining Expert Witnesses [271], Defendants' Motion for a Protective Order Regarding Contacts with Treating Physicians [272], and Defendants' request for limitations on corporate general liability witnesses. After reviewing the submissions of the parties and hearing oral arguments from counsel, the Court enters the following Order.

I. **Plaintiffs' Motion to Preclude Defendants'** *Ex Parte* **Communications with Plaintiffs' Treating Physicians for Purposes of Retaining Expert Witnesses [271]**

On November 1, 2017, Plaintiffs filed their Motion to Preclude Defendants' *Ex Parte* Communications with Plaintiffs' Treating Physicians for Purposes of Retaining Expert Witnesses ("Plaintiffs' Motion") [271], which requests that the Court enter an order precluding Defendants from such contact in order to protect the confidential physician-patient relationship. In response, Defendants argue that a complete bar from such communication would unduly constrain their ability to retain qualified experts. Instead, Defendants suggest permitting such *ex parte* communications with three listed restrictions. In reply, Plaintiffs continue to argue for a complete bar to *ex parte* communications for the purpose of retaining expert witnesses. In the alternative, however, they suggest seven restrictions that should be put in place if such communications are allowed, some of which Defendants have agreed to.

Plaintiffs' Motion [271] is **GRANTED in part and DENIED in part**. Defendants may have *ex parte* communications with Plaintiffs' treating physicians for purposes of retaining expert witnesses, subject to the following restrictions:

(1) Defendants and their attorneys shall not use a physician as an expert in any case where such physician's current or former patient is a Plaintiff.

(2) Defendants and their attorneys will not communicate with the physician-expert about any patient that is a plaintiff in this MDL or any related state court proceeding.

(3) Defendants and their attorneys shall not use a Plaintiff Fact Sheet or other discovery provided by Plaintiffs to locate or identify an expert for this litigation.

(4) Defendants must notify counsel for every MDL plaintiff who is a former or current patient of a physician of contact with the physician for the purpose of retention as an expert or consultant. Notification will occur after Defendants have performed a logistical outreach to the physician and the physician has agreed to meet with Defendants.

(5) Defendants shall give the physician a copy of this Order and the accompanying Memorandum to Physicians (attached hereto as Exhibit A) before any material communications take place.

(6) Defendants are restricted to 25 *ex parte* contacts. Defendants may ask for reconsideration on this issue if this limitation becomes a hardship.

(7) If Plaintiffs believe Defendants have violated their obligations under this Order, they will meet and confer regarding any issues. If the parties are unable to resolve their disagreements informally, these issues may be raised with the Court.

## II. Defendants' Motion for a Protective Order Regarding Contacts with Treating Physicians [272]

Also on November 1, 2017, Defendants filed their Motion for a Protective Order Regarding Contacts with Treating Physicians ("Defendants' Motion") [272], which requests that the Court enter an order limiting *ex parte* communications with Plaintiffs' treating physicians by both parties. Defendants request that the Court prohibit *ex parte* discussions on topics including either side's legal theories, medical literature not previously reviewed, and documents produced in the litigation. Defendants argue that such an approach is a reasonable compromise that will promote fairness in this litigation since the treating physicians will be such important witnesses for

4

both sides.  In response, Plaintiffs reject such a restriction which, they argue, will unfairly inhibit their ability to properly prepare their cases and meet their burden of proof.  They point to Defendants' continuing interactions and relationships with these doctors through their sales representatives.  They also note the possible conflict that will arise if they are unable to meet their ethical obligation to inquire into the restricted matters.

Defendants' Motion [272] is **GRANTED in part and DENIED in part**. Plaintiffs are not limited in their *ex parte* communications with treating physicians.  They must, however, produce the following information relating to any pre-deposition communications with a physician, other than communications regarding a plaintiff's diagnosis, treatment and medical condition, or an inquiry regarding obtaining medical records or deposition scheduling, to Defendants at least one week prior to the treating physician's deposition: when the communication occurred, the means (in-person, telephone, email, etc.), its approximate duration, the participants, and the identity of any documents or electronically stored information shown, provided, or otherwise described to the physician.

5

### III. Limitations on Corporate General Liability Witnesses

On November 15, 2017, Defendants sent the Court a letter brief stating that while the parties have reached agreement with respect to most of the terms of a deposition protocol, they were unable to agree as to whether a presumptive limit should be placed on the number of company witness general liability depositions.  Defendants argued that such depositions should be limited to 25.  Plaintiffs, in their response, argue that setting a numerical limit at this time is premature and unnecessary.

Defendants' request to limit the number of corporate general liability witnesses is **DENIED**.  If, however, either side believes that the other is taking unnecessary or irrelevant depositions, the parties will meet and confer in an attempt to resolve the issue.  If the parties are unable to resolve their disagreements informally, they may bring the issue to the Court for resolution.

### Conclusion

In accordance with the foregoing, Plaintiffs' Motion to Preclude Defendants' *Ex Parte* Communications with Plaintiffs' Treating Physicians for Purposes of Retaining Expert Witnesses [271] is **GRANTED in part and DENIED in part**.  Defendants' Motion for a Protective Order Regarding

Contacts with Treating Physicians [272] is **GRANTED in part and DENIED in part**.  Defendants' request to limit the number of corporate general liability witnesses is **DENIED**.

    **SO ORDERED**, this 12th day of December, 2017.

_____
**RICHARD W. STORY**
United States District Judge

# Exhibit A

AO 72A
(Rev.8/82)

**Memorandum to Doctors**

Physicians may, but are not required to, speak with attorneys in connection with this litigation.  Attorneys for Plaintiffs are not limited as to the topics they may discuss with physicians.  Attorneys for Defendants are subject to certain limitations when talking with a physician who has treated a plaintiff in the case.  Attorneys for Defendants are permitted to retain as expert witnesses physicians who may have treated one or more patients who are Plaintiffs in this litigation.  Despite their service as experts, these physicians are still bound by the physician-patient privilege and are forbidden from communicating with Defendants, their employees, and their attorneys about their patients who are Plaintiffs, absent a subpoena, their patients' written authorization, or another order from the Court.  Defendants and their representatives must identify which of a physician's patients are Plaintiffs before any substantive communications begin.